

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-84,059-03 AND WR-84,059-04

**EX PARTE TRAVIS PRUNTY, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 11CR-116-1 AND 11CR-113-1 IN THE 349TH DISTRICT COURT FROM HOUSTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of assault on a public servant and was sentenced to eight years' imprisonment for each charge, to run concurrently with each other. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel failed to investigate, failed to seek out and interview a witness who had expressed a willingness to testify on Applicant's behalf, and tricked Applicant into pleading guilty by telling him erroneously that the original trial judge had removed himself from the case and that it would be in Applicant's

best interest to plead guilty because the new judge would be harder on him. Applicant alleges that his cases were set for trial, but that he was brought to plead guilty a week early "behind the back" of the original trial judge.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Because Applicant's convictions in these cases were final in 2012, but he did not file these applications until more than five years later, there is a possibility that Applicant's claims may be precluded by laches. However, because the record is silent on the circumstances that may excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief until he is given an opportunity to explain his delayed applications. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial

court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 13, 2018
Do not publish